**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GLENN A. FRIEDMAN, SB# 104442
   Email: Glenn.Friedman@lewisbrisbois.com
PAUL A. DESROCHERS, SB# 214855
   Email: Paul.Desrochers@lewisbrisbois.com
ELIZABETH M. DOOLEY, SB# 289510
   Email:  Elizabeth.Dooley@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile:  415.434.0882

Attorneys for Defendants DAVID TSAI, UNDINE TSAI and SHANG SHEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ISMAEL JIMENEZ, YOLANDA JIMENEZ, ANGELES JIMENEZ, ANTONIO JIMENEZ, CARMENTINA HERRERA, LUIS ALVAREZ, EBARISTO ALAVEZ, JOSEFA JIMENEZ, JESUCITA ORTIZ, RODOLFO ROBLES and PROJECT SENTINEL, a California non-profit corporation, on behalf of itself and the general public,<br><br>        Plaintiffs,<br><br>    vs.<br><br>DAVID TSAI, UNDINE TSAI, and SHANG SHEN,<br><br>        Defendants. | CASE NO. 5:16-CV-04434-EJD<br><br>**DEFENDANTS DAVID TSAI, UNDINE TSAI AND SHANG SHEN'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date:     April 20, 2017**<br>**Time:    9:00 a.m.**<br>**Crtrm:  4, 5th Floor** |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 20, 2017, at 9:00 a.m., in Courtroom 4, 5th Floor, of

the United States District Court for the Northern District of California, San Jose Division, located at

280 South 1st Street, San Jose, California, 95113, before the Honorable Edward J. Davila, Defendants

DAVID TSAI, UNDINE TSAI and SHANG SHEN ("Defendants") will and hereby do move this

Court, pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), for an order dismissing the First

Amended Complaint by Plaintiffs ISMAEL JIMENEZ, YOLANDA JIMENEZ, ANGELES

JIMENEZ, ANTONIO JIMENEZ, CARMENTINA HERRERA, LUIS ALVAREZ, EBARISTO

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  ALAVEZ, JOSEFA JIMENEZ, JESUCITA ORTIZ, RODOLFO ROBLES and PROJECT

2  SENTINEL, a California non-profit corporation, on behalf of itself and the general public

3  ("Plaintiffs"), on the following grounds:

4      1.      Undine Tsai has no ownership or managerial interest in the Gilroy Complex, and

5              therefore, is an improper party.

6      2.      Did Plaintiffs set forth sufficient facts to support their Claims for discrimination

7              Violations of the Federal Fair Housing Act (FHA) and the California Employment

8              and Fair Housing Act FEHA on the basis of <u>familial status</u> (Claims I and III)?

9      3.      Did Plaintiffs set forth sufficient facts to support their Claims for discrimination

10             Violations of the Federal Fair Housing Act and the California Employment and Fair

11             Housing Act on the basis of <u>national origin</u> (Claims II and IV)?

12     4.      Did Plaintiffs set forth sufficient facts to support their Claim under the Unruh Act

13             (Claim V)?

14     5.      Did Plaintiffs set forth sufficient facts to support any of their Retaliation Claims

15             (Claim VI, VII, and VIII)?

16     6.      Does Project Sentinel have standing to be or remain a plaintiff in this action?

17  DATED: October 14, 2016              LEWIS BRISBOIS BISGAARD & SMITH LLP

18                              By:  _____/s/ Elizabeth M. Dooley_____

19                                  Glenn A. Friedman
                                    Paul A. Desrochers

20                                  Elizabeth M. Dooley
                                    Attorneys for Defendants

21                                  DAVID TSAI, UNDINE TSAI and SHANG SHEN

22

23

24

25

26

27

28



DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page

I.     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ................................. 1

II.    STATEMENT OF THE ISSUE ......................................................................... 1

III.   STATEMENT OF RELEVANT FACTS ........................................................... 1

    A.    Plaintiffs' Key Facts ........................................................................... 1

    B.    Involvement of Project Sentinel ........................................................ 3

IV.   ARGUMENT ....................................................................................................... 4

    A.    Legal Standard ..................................................................................... 4

        1.    Fed. R. Civ. P. 12(b)(6) .......................................................... 4

        2.    Dismissal Without Leave to Amend ........................................ 5

    B.    Plaintiff Undine Tsai Has No Connection to the Case at Hand and Should Be Dismissed as a Matter Of Law ................................. 6

    C.    DISCRIMINATION CLAIMS ........................................................... 7

        1.    National Origin ...................................................................... 7

            (a)    Federal Fair Housing Act ......................................... 7

            (b)    California Fair Employment and Housing Act (FEHA) ............. 9

        2.    Familial Status ........................................................................ 10

    D.    California Unruh Act (Cal. Civ. Code § 51) ...................................... 12

    E.    Retaliation ........................................................................................... 12

    F.    Project Sentinel's Lack of Standing .................................................. 15

V.    CONCLUSION .................................................................................................... 18



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

### TABLE OF AUTHORITIES

2

Page

3

#### SUPREME COURT OPINIONS

4

*Bell Atl. Corp. v. Twombly*
  127 S. Ct. 1955 (2007) .......................................................................... 5, 10, 14

5

*Ashcroft v. Iqbal*
  129 S. Ct. 1937 (2009) .......................................................................... 5, 10, 14

6

#### FEDERAL COURT OPINIONS

7

*Balistreri v. Pacifica Police Dep't*
  901 F.2d 696 (9th Cir. 1988) .......................................................................... 4

8

*Budnick v. Town of Carefree*
  518 F.3d 1109 (9th Cir. 2008) .......................................................................... 7

9

10

*Comm. Concerning Cmty. Improvement v. City of Modesto*
  583 F.3d 690 (9th Cir. 2009) .......................................................................... 7

11

*Conway v. Geithner*
  No. C 12-0264 CW, 2012 WL 1657156 (N.D. Cal. 2012) ................................ 5

12

13

*Fair Hous. Cong. v. Weber*
  993 F. Supp. 1286 (C.D. Cal. 1997) .......................................................... 10, 11

14

*Fair Hous. Council v. Ayres*
  855 F. Supp. 315 (C.D. Cal. 1994) ............................................................ 10, 11

15

16

*Gamble v. City of Escondido*
  104 F.3d 300 (9th Cir. 1997) .......................................................................... 7

17

*Havens Realty Corp. v. Coleman*
  455 U.S. 363, 370 (1982) ........................................................................ 15, 16

18

19

*Keith v. Volpe*
  858 F.2d 467 (9th Cir. 1988) .......................................................................... 7

20

*NL Indus. v. Kaplan*
  792 F.2d 896 (9th Cir. 1986) .......................................................................... 5

21

22

*Partington v. Bugliosi*
  56 F.3d 1147 (9th Cir. 1995) .......................................................................... 5

23

*Pfaff v. U.S. HUD*
  88 F.3d 739 (9th Cir. 1996) .......................................................................... 7

24

25

*Phiffer v. Proud Parrot Motor Hotel, Inc.*
  648 F.2d 548, 551 (9th Cir. 1980) .................................................................. 9

26

*Project Sentinel v. Evergreen Ridge Apartments*
  40 F. Supp. 2d 1136 (N.D. Cal. 1999) .................................................. 15, 16, 17

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*United States v. M. Westland Co.*
   No. CV 93-4149 AWT, 1995 U.S. Dist. LEXIS 22466 (C.D. Cal. Oct. 24, 1995) ........................ 10

### CALIFORNIA STATE CASES

*Auburn Woods I Homeowners Ass'n v. Fair Emp't & Hous. Com.*
   121 Cal. App. 4th 1578 (2004) ...................................................................................... 9

*Banuelos v. LA Investment, LLV*
   219 Cal.App.4th 323, 327 (2013) ................................................................................. 13

*Barber v. Rancho Mortgage and Inv. Corp.*
   26 Cal.App.4t 1819, 1832-33(1994) ............................................................................ 9

*Barela v. Superior Court*
   30 Cal.3d 244 (1981) .................................................................................................... 13

*Guz v. Bechtel Not. Inc.*
   24 Cal.4th 317, 354 (2000) ........................................................................................... 9

*Hess v. Fair Emp't & Hous. Com.*
   138 Cal. App. 3d 232 (1982) ........................................................................................ 9

*Sisemore v. Master Fin., Inc.*
   151 Cal. App. 4th 1386 (2007) ..................................................................................... 9

### FEDERAL STATUTES

42 U.S.C. § 3604 (2012) .................................................................................................. 13, 15
42 U.S.C. § 3617 (2012) .................................................................................................. 13
42 U.S.C. § 3604(b) (2012) ............................................................................................. 7, 10

### CALIFORNIA STATE STATUTES

Cal. Civ. Code § 51 (Deering) ........................................................................................ 12
Cal. Civ. Code § 52 (Deering) ........................................................................................ 12
Cal. Civ. Code § 53 (Deering) ........................................................................................ 12
Cal. Civ. Code § 1942.5 (Deering) ................................................................................. 12, 13
Cal. Gov't Code § 12955(a) (Deering) .......................................................................... 9
Cal. Gov't Code § 12955(d) (Deering) .......................................................................... 9
Cal. Gov't Code § 12955(f) (Deering) ........................................................................... 9
Cal. Gov't Code § 12955.8(a) (Deering) ....................................................................... 9
Cal. Gov't Code § 12989.1 (Deering) ............................................................................ 15

### FEDERAL RULES

Fed. R. Civ. P. 4(e) ......................................................................................................... 14
Fed. R. Civ. P. 4(m) ........................................................................................................ 14
Fed. R. Civ. P. 8(a)(2) ..................................................................................................... 4, 5
Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1, 2, 3, 4



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) and Civil Local Rule 7-2, Defendants move for an Order dismissing portions of Plaintiffs' First Amended Complaint (Claims I-VIII) on grounds that it fails to state claims upon which relief may be granted.

Defendants' Motion is based on the following Brief, the argument of counsel presented at the hearing on the motion and such other and further evidence as the Court deems appropriate.

## II.   STATEMENT OF THE ISSUE

Whether Plaintiff Undine Tsai is a proper party to the instant action.  Whether Plaintiffs have plead sufficient facts to support any of their discrimination claims (Claim I-IV), or their Unruh Act claim (Claim V) which appear to be based solely on a comparison of unrelated apartment complexes located in different cities.  Lastly, whether Plaintiffs have pleaded sufficient facts to support any of their claims for retaliation (Claims VI-VIII).

## III.   STATEMENT OF RELEVANT FACTS

### A.   Plaintiffs' Key Facts

This case arises out of alleged violations of the Federal and California Fair Housing Act and the Unruh Act, the purported breach of the covenants of Quite Enjoyment and Good Faith and Fair Dealing, a breach of Warranty of Habitability and Negligence.  (Plaintiffs' First Amended Complaint ("FAC"), Dkt No. 35.)

Plaintiffs' have alleged that Defendant David Tsai is the property owner of two apartment complexes that are the subject of the case at hand, located in Gilroy, California.  (*Id*. ¶ 13.)  David Tsai owns two apartment complexes in Gilroy at 611 E. 7th Street and 590 Stoney Court.  (*Id*.) Plaintiffs allege that Defendant Undine Tsai actively participates in management of each of the Gilroy Complexes.[1]  (*Id*. ¶ 14.)  Plaintiffs assert that Defendant Shang Shen is the property manager of the

---

[1] Plaintiffs also allege that Defendant Undine Tsai owns two apartment complexes in Cupertino, California, yet we cannot see how Ms. Tsai's independent properties have any bearing on the current litigation.



1  complexes in Gilroy. (*Id*. ¶ 15.) Plaintiff David Tsai's two apartment complexes in Gilroy have a

2  total of fifty-two units, of these fifty-two units, a mere four units have joined in the filing of the

3  lawsuit at hand. (*Id*. ¶¶ 8-11, 29.)

4      Plaintiffs consist of four low-income Latino families who claim they have been mistreated by their

5  landlord and property manager. (*Id*. ¶ 1.) Plaintiffs allege that all or almost all of the residents of the

6  Gilroy complexes identify as Latino. (*Id*. ¶ 33.) Plaintiffs assert that they have had to live with no

7  heat, sewage backups, electrical problems, and infestations of rats, roaches and bedbugs. (*Id*. ¶ 2.)

8  Plaintiffs claim that Defendants failure to repair these alleged problems is part of a pattern of

9  discrimination against Latino families. (*Id*. ¶ 2.) Plaintiffs' basis for their discrimination claims lies

10  entirely on their comparison of four apartment complexes, the two that are at issue in this action which

11  are owned by named Defendant David Tsai in Gilroy (*Id*.) and two properties in Cupertino that are not

12  owned by David Tsai and which have no relationship to the Gilroy properties (discussed in detail

13  below).

14      Plaintiffs also allege that Defendants have engaged in an ongoing practice of intimidating child

15  residents of the two complexes in Gilroy to prevent them from playing outside. (*Id*. ¶ 3.) Plaintiffs

16  claim that the property manager regularly tells children not to play outside in the common areas, and

17  not to play ball or ride bikes or scooters. (*Id*. ¶ 30.) Plaintiffs allege that the property manager of the

18  two complexes has repeatedly instructed children not to play outside, yelled at children for playing

19  outside, taken their toy balls, adopted discriminatory rules against children playing and even nailed

20  shut a tenant's private yard gate to prevent their children from exiting to play in common areas. (*Id*.)

21  Allegedly, the children are afraid of the property manager because he yells and they retreat indoors

22  when they see him approach. (*Id.* ¶ 31.) Defendants maintain two identical signs at the 611 E. 7th

23  Street apartment complex that read, "NO SKATEBOARDING[,] BICYCLE RIDING[,]

24  ROLLERSKATING[,] ROLLERBLADING[,] BALL PLAYING[.]" (*Id*. ¶ 32.)

25      Plaintiffs allege that Defendants have failed to properly maintain the Gilroy Complexes leaving

26  them in a dangerous uninhabitable condition. (*Id*. ¶ 34.) Plaintiffs assert that they regularly make

27  repair request and complaints about their respective units' habitability problems, usually when they

28  tender their monthly rent payments. (*Id*. ¶ 35.) Plaintiffs allege that Defendants largely ignore

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-4051-0263.1                                                                 5:16-CV-04434-EJD

2

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

1   complaints and requests for repairs, or that Defendants delay repairs for unreasonable periods

2   allegedly forcing residents to endure habitability issues.  (*Id*.)

3      Plaintiffs allege that they are Latino, are low-income, and have no or few housing options.  (*Id*. ¶

4   36.)  Plaintiffs also cite to an article by Richard Scheinin, <u>Bay Area Rents Still Rising, Just Not as</u>

5   <u>Quickly as Before</u>, San Jose Mercury News, April 18, 2016, stating that the average rent for Santa

6   Clara County is $2600, whereas Plaintiffs only pay $1500 for a similar sized unit to that in the article

7   (*Id*. ¶ 35), (seemingly without taking into account the wide variety of cities Santa Clara County entails

8   including such cities as Palo Alto, and Cupertino which have exceptionally high rental values).

9      According to Plaintiffs in or about September 2015, the Defendant owners of the Gilroy

10   Complexes issued a notice of rent increase to all residents at 590 Stoney Court, including the named

11   Plaintiffs.[2]  (*Id*. ¶ 37.)  After Plaintiffs received their rent increase they met with named Defendant

12   owner David Tsai at the Stoney Court Apartments in Gilroy.  (*Id*. ¶ 38.)  According to Plaintiffs, they

13   then threatened Mr. Tsai that they would not be paying the rent increase until repairs to the apartments

14   were made.  (*Id*.)  According to Plaintiffs Defendant David Tsai promised to begin making repairs in

15   January of 2016.  (*Id*. ¶ 38.)  Plaintiffs allege that as of the date of filing this First Amended Complaint

16   (August 5, 2016), the promised repairs to Plaintiffs units have either not been made or have been made

17   inadequately.  (*Id*.)

18                    **B.      Involvement of Project Sentinel**

19      Plaintiff Project Sentinel is a non-profit corporation organized under the laws of the State of

20   California.  (*Id*. ¶ 12.) According to the First Amended Complaint, Project Sentinel's mission is to

21   develop and promote fairness and equality of housing for all persons and to advocate peaceful

22   resolution of disputes for community welfare and harmony and one if its' specific goals is the

23   elimination of all forms of illegal housing discrimination.  (*Id*.)

24

25   _____

26   [2] Plaintiffs' wording on this paragraph is unclear.  All units in both Gilroy apartment complexes were

27   served with a notice of rent increase.  The tenants in the 590 Stoney Court apartment complex, were
     the only tenants to object to this rent increase.

28



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Plaintiffs claim that in or around March 2016, Project Sentinel received reports of possible

2  discrimination at the Gilroy complexes. (*Id*. ¶ 70.) Allegedly as a result of those reports, Project

3  Sentinel opened an investigation into the Defendants' business practices (*Id*.) According to the

4  Plaintiffs, in March 2016, Project Sentinel surveyed tenants at the 611 E. 7th Street complex in Gilroy.

5  (*Id*. ¶ 71.) Plaintiffs allege that <u>after</u> Project Sentinel surveyed the tenants at the 611 E. 7th Street

6  complex, Defendants questioned residents of the Gilroy Complexes whether they had opened their

7  doors to lawyers asking about the conditions of their units. (*Id*. ¶ 74.) Throughout their investigation,

8  tenants allegedly reported to Project Sentinel that Defendants, particularly Defendants' property

9  manager, regularly went around the property and told parents not to let their children play outside.

10  (*Id*. ¶ 72.) Additionally, Plaintiffs allege that tenants reported to Project Sentinel that Defendants

11  failed to make repairs in a timely manner. (*Id*. ¶ 73.) Additionally, Plaintiff Project Sentinel also

12  surveyed the wholly unrelated apartment complexes in Cupertino. (*Id*. ¶¶ 75-77.)

13  Plaintiff Project Sentinel claims that it has been injured in that it has expended resources in

14  investigating allegations against Defendants and providing education to residents of the Gilroy

15  Complexes targeted by Defendants' alleged acts. (*Id*. ¶ 83.) Plaintiffs claim that Defendants actions

16  have (1) "impaired and frustrated" Plaintiff Project Sentinel's mission of eliminating discriminatory

17  housing practices against persons based on their family status, by requiring Project Sentinel to expend

18  resources on programs and activities to counteract the Defendants' alleged discriminatory housing

19  practices; and (2) forced Project Sentinel to devote its resources away from other activities. (*Id*.) As a

20  result Project Sentinel has allegedly suffered economic losses in the form of staff pay, publication

21  costs, and its inability to undertake other projects. (*Id*.)

22  **IV.**   **ARGUMENT**

23  **A.**   **Legal Standard**

24  **1.**   **Fed. R. Civ. P. 12(b)(6)**

25  A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory"

26  or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*

27  *Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering whether the Complaint is sufficient to

28  state a claim, the court will take all material allegations as true and construe them in the light most

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-4051-0263.1                                    4                                    5:16-CV-04434-EJD
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

1   favorable to the plaintiff.  *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  However, this

2   principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action,

3   supported by mere conclusory statements," are not taken as true.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

4   1949 (2009) (citing *Bell Atl. Corp v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

5       A pleading that states a claim for relief must contain "a short and plain statement of the claim

6   showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While this pleading standard

7   does not require detailed factual allegations, it does demand more than an unadorned the-defendant-

8   unlawfully-harmed-me accusation.  *Iqbal* at 1949.  A pleading that offers "labels and conclusions" or

9   "a formulaic recitation of the elements of a cause of action will not do." *Id*. (quoting *Twombly*, 127 S.

10  Ct. at 1965).  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

11  enhancement." *Id*.  Factual allegations must be enough to raise a right to relief above the speculative

12  level. *Twombly*, 127 S. Ct. at 1965.

13      To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

14  true, to "state a claim to relief that is plausible on its face."  *Iqbal*, at 1949.  A claim has facial

15  plausibility when the plaintiff pleads factual content that allows the court to draw the *reasonable*

16  *inference* that the defendant is liable for the misconduct alleged.  *Id*.  Where the pleaded facts do not

17  permit the court to infer more than a mere possibility of misconduct, the First Amended Complaint has

18  alleged –but it has not "show[n]"- that the pleader is entitled to relief.  *Id.* at 1950.

19              **2.    Dismissal Without Leave to Amend**

20      When granting a motion to dismiss, the court is generally required to grant the plaintiff leave

21  to amend.  However, leave to amend is not warranted if an amendment would be futile because the

22  pleading could not possibly be cured by the allegation of other facts.  *Partington v. Bugliosi*, 56 F.3d

23  1147, 1162 (9th Cir. 1995) (denying leave to amend where plaintiff had failed to state a claim for

24  defamation); see also *Conway v. Geithner*, No. C 12-0264 CW, 2012 WL 1657156 *2 (N.D. Cal.

25  2012) (denying leave to amend in case of absolute immunity because the amendment would be futile).

26  Here, leave to amend is futile with regard to the claims sought to be dismissed.

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-4051-0263.1                                    5                              5:16-CV-04434-EJD
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

1

**B.**     **Plaintiff Undine Tsai Has No Connection to the Case at Hand and Should Be Dismissed as a Matter Of Law**

2

3     As a preliminary matter, Plaintiffs have named Undine Tsai as a Defendant in this action.

4  Undine Tsai has no ownership interest in the Gilroy apartment complexes at issue.  Defendants ask

5  that the Court take Judicial Notice of the three separate Grant Deeds filed at the Santa Clara County

6  Recorders Office, dated October 31, 2006, which definitively state Undine Tsai has no ownership

7  interest in the Gilroy apartment complexes at issue.  (See attached RJN, **Exhibits A-C**).  Similarly,

8  and noted in the same documents, Defendant David Tsai has no ownership interest in any apartment

9  complex in Cupertino.  The only time that Undine Tsai is even mentioned in the FAC is in a singular

10 paragraph when Plaintiffs alleged that "Defendant undine Tsai owns the residential rental properties

11 located at 10160 and 10162 Park Circle West in Cupertino, California."  (Dkt. No. 35 ¶ 14).  The

12 Cupertino apartment complex addressed throughout Plaintiffs' FAC has no connection to the Gilroy

13 apartment complexes.

14     Plaintiffs continue on in the same paragraph, "[Undine Tsai] actively participates in

15 management of each of the Gilroy Complexes and the properties in Cupertino."  (See, Dkt. 35 ¶ 14).

16 Other than stating that Ms. Tsai may have had a quasi-managerial role, Plaintiffs fail to allege any

17 facts that would tie this alleged managerial role to any wrong doing they have alleged.  This singular

18 statement of zero to little relevance is not enough to maintain Undine Tsai as a party to this lawsuit.

19 Plaintiffs have failed to allege any fact as to how Undine Tsai is connected to the incident in question

20 or why she should be held responsible as such.  Even in a quasi-managerial capacity, Plaintiffs have

21 failed to allege any facts that connect Ms. Tsai to any of the actions that they allege to have happened.

22 Because Plaintiffs have failed to allege any conduct on the part of Undine Tsai that would make her

23 liable to Plaintiffs for the claims at issue, we request that Undine Tsai be dismissed with prejudice, as

24 an improper party.

25 / / /

26 / / /

27 / / /

28 / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## C.      DISCRIMINATION CLAIMS

### 1.      National Origin

#### (a)      Federal Fair Housing Act

The Fair Housing Act (FHA), 42 U.S.C. § 3604(b), makes it "unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."  As a general matter, FHA claims are evaluated under the burden-shifting framework of the Title VII discrimination analysis and may be brought under theories of both disparate treatment and disparate impact.  *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, at 711 (9th Cir. 2009) (citing *Budnick v. Town of Carefree*, 518 F.3d 1109, 1114 (9th Cir. 2008)).

To state a claim under disparate treatment, first, plaintiff has the burden of proving discrimination, then the burden shifts to the defendant to articulate some legitimate, non-discriminatory reason for the alleged treatment.  To state a claim under the disparate impact method of proof, a plaintiff must allege "at least that the defendant's actions had a discriminatory effect." *Gamble v. City of Escondido*, 104 F.3d 300, 306 (9th Cir. 1997) (quoting *Pfaff v. United States Dep't of Hous. & Urban Dev.*, 88 F.3d 739, 745 (9th Cir. 1996) and *Keith v. Volpe*, 858 F.2d 467, 482 (9th Cir. 1988)).  The elements that must be met for a disparate impact claim are (1) the occurrence of certain outwardly neutral practices, and (2) a significant adverse or disproportionate impact on person [in a protected class].  *Pfaff v. HUD*, 88 F.3d 739, 745 (9th Cir. 1996).

Here, Plaintiffs have not adequately pleaded sufficient facts to support claims for discrimination under the Federal FHA for either national origin or familial status.  Plaintiffs have formulaically alleged that Defendants have deprived Plaintiffs of their rights guaranteed under the Federal FHA by failing to make repairs in a timely manner or failing to make repairs all together, and have alleged that Defendants failure to make these alleged repairs stems from a pattern of discrimination against Latino families. (See, FAC ¶ 2).  Plaintiffs go on to qualify this argument by stating that these allegations of discrimination are made evident by Defendants' owning and leasing of well-kept and well-repaired residential units in Cupertino.  (*Id.*)  As discussed previously, David Tsai, the owner of the Gilroy Complexes has no ownership in the Cupertino apartment complexes, and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-4051-0263.1                                                    7                                     5:16-CV-04434-EJD
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

1   therefore, these Cupertino properties have no bearing on or relation to the action at hand.  Further, any

2   alleged variations in the quality of maintenance performed at the Cupertino apartment complexes is in

3   no way a benchmark to be used for determining discrimination as to the Gilroy apartment complexes.

4   Plaintiffs' use of unassociated apartment complexes in an attempt to prove the tenants in the Gilroy

5   complexes are being discriminated against falls flat and should be wholly disregarded by the Court.

6   Plaintiffs must allege facts that support their arguments that the tenants at the Gilroy Complexes are

7   being treated differently because of their national origin—which they have wholly failed to do.

8       Plaintiffs devote an entire section of their FAC to allege that the City of Gilroy Code

9   Enforcement Department revealed numerous reports of problems at the Gilroy Complexes.  However,

10  Plaintiffs only identify a singular instance of a sewage backup that was reported on October 29, 2014

11  and repaired on November 1, 2014, a mere two days after notification.  Defendants fail to see how this

12  unfounded argument can be used in any way to demonstrate discrimination.

13      Plaintiffs fail to plead **any** other basis to support their claims for discrimination based on

14  national origin under the Federal FHA.  While Plaintiffs seek to infer that Defendants' upkeep and

15  repair of the Gilroy Properties is substandard due to Plaintiffs' national origin, Plaintiffs make only

16  vague conclusory statements, unsupported by facts, to attempt to connect this argument.  In their FAC,

17  Plaintiffs assert that all or almost all of the tenants are Latino and that Defendants have failed to make

18  repairs, but Plaintiffs fail to allege any facts connecting these two wholly unconnected statements.

19  Accordingly, Plaintiffs have failed to plead sufficient facts to support a claim of discrimination under

20  the Federal FHA.

21      Simply stating that Plaintiffs are Latino and Defendants have failed to make repairs and

22  claiming that somehow this is because of Plaintiffs national origin without providing a single fact in

23  support of this conclusory allegation, does not rise to the level of pleading necessary to withstand a

24  Motion to Dismiss.  Plaintiffs must set forth specific facts demonstrating that this alleged failure to

25  make repairs is somehow based on these Plaintiffs national origin; they have not and cannot meet this

26  burden.

27  / / /

28  / / /



**(b)**   **California Fair Employment and Housing Act (FEHA)**

Plaintiffs also make a claim for discrimination based on national origin under the California Fair Employment and Housing Act (FEHA), which is nearly identical to the FHA, and for the basis of this motion can be analyzed under the same arguments discussed above and incorporated herein in their entirety.

The California FEHA makes it unlawful for a landlord to "discriminate against or harass any person because of the race, color…national origin,…[or] familial status…of that person." Cal. Govt. Code § 12955(a), (d), and (f).   Plaintiffs may prove an intentional discrimination claim by showing that (1) Plaintiffs are part of a protected class, (2) Plaintiffs were subject to adverse treatment in regards to housing, and (3) the protected class was in part a motivating factor for the adverse treatment.   Cal. Gov. Code § 12955.8(a); See *e.g., Barber v. Rancho Mortgage and Inv. Corp.*, 26 Cal.App.4t 1819, 1832-33(1994)[3]; *Phiffer v. Proud Parrot Motor Hotel, Inc.* 648 F.2d 548, 551 (9th Cir. 1980).   Courts have held California law to be the same as Federal in that the issue is whether an act or act complained of suffices to show a discriminatory practice.   See*, e.g., Hess v. Fair Employment & Housing Com.*, 138 Cal. App. 3d 232, 234-235 (1982).   "Courts often look to cases construing the FHA,…when interpreting FEHA" *Sisemore v. Master Financial, Inc.*, 151 Cal. App. 4th 1386, 1420 (2007) (citing, *Auburn Woods Homeowners Assn. V. Fair Employment and Housing Com.*, 121 Cal. App. 4th 1578, 1591 (2004).   As such, to the extent Plaintiffs have failed to allege sufficient facts to support their Federal FHA claim for discrimination, Plaintiffs' claims against Defendants for alleged violation of the California FEHA on the basis of national origin (Claim IV), also fail and should be dismissed.

Overall, Plaintiffs have not, and cannot, sufficiently plead a claim for discrimination based on national origin under either the Federal FHA or the California FEHA.   Plaintiffs' allegations stem from incorrect information as to the ownership of separate properties and will fail under scrutiny.   Because Plaintiffs have failed to allege any other purported basis to support their discrimination

---

[3] California courts look to federal precedent when applying its own statutes, because of the similarity between state and federal discrimination laws. *Guz v. Bechtel Not. Inc.*, 24 Cal.4th 317, 354 (2000).


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-4051-0263.1                                     9                              5:16-CV-04434-EJD
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

1   claims under <u>either</u> the FHA or FEHA, Claims II and VI of Plaintiffs' First Amended Complaint

2   should be dismissed.

### 2. <u>Familial Status</u>

4       Plaintiffs also allege discrimination under 42 U.S.C. § 3604(b) for the premise that it is

5   unlawful to create or maintain a hostile living environment based on familial status.  Plaintiffs must

6   make a prima facia case of discrimination by showing facially discriminatory rules which treat

7   children, and thus, families with children, differently and less favorably than adults-only households.

8   *Congress v. Weber*, 993 F. Supp. 1286, 1290-93 (C.D. Cal. 1997).  Plaintiffs state that Defendants

9   have created and maintained a hostile environment for families with children at the Gilroy Complexes

10  by limiting children's outdoor play.  (See, Dkt No. 35, ¶ 87).  However, Plaintiffs have failed to plead

11  any facts to show that families with children were treated differently than families without children.

12  In fact, Plaintiffs have failed to state any facts comparing the family status for the four Plaintiffs'

13  families to any other families with or without children in the same Gilroy apartment complex.

14  Conclusory statements without factual support will not survive the pleading standard set by *Iqbal* and

15  *Twombly*.

16      Plaintiffs' familial status argument centers on the treatment of children within the Gilroy

17  complexes.  Plaintiffs have cited to *Congress v. Weber*, which held that having rules **barring** children

18  from playing in common areas violated the protection of § 3604(b).  *Congress v. Weber*, 993 F. Supp

19  1286, 1290-93 (C.D. Cal. 1997)(emphasis added).  The Court in *Congress*, reviewed written rules that

20  severely restricted children (to the point they were not allowed to play at all) from playing in common

21  areas and came to the conclusion that large blanket restrictions were not allowed.  *Id*.  In *United States*

22  *v. M. Westland Co*., the Court held that there must be a tight fit between the restriction and the areas

23  and activities covered.  *United States v. M. Westland Co.*, 1995 U.S. Dist. Lexis 22466 (C.D. Cal.

24  1995) (upholding rules requiring adult supervision of very young children during specified activities

25  (swimming, riding bikes), but finding it unlawful blanket rules requiring adult supervision of all

26  children for use of the main areas of the complex).

27      Plaintiffs have not pleaded any facts of a written rule or a known hard and fast rule that wholly

28  stopped children from playing outside, but rather make inferences of this type of discrimination.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-4051-0263.1                                   10                          5:16-CV-04434-EJD
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

1   Plaintiffs attempt to support their allegations under this claim by listing a few limited activities that

2   the property manager has allegedly stopped (Plaintiffs state that the property manager has told

3   children who are playing outside to not play ball and to not ride bikes or scooters.  (See, Dkt. No. 35 ¶

4   30)).  Additionally, Plaintiffs have described a sign posted at the 611 E. 7th Street Gilroy apartment

5   complexes which states, "NO SKATEBOARDING[,] BICYCLE RIDING[,] ROLLERSKATING[,]

6   ROLLERBLADING[,] BALL PLAYING[.]"  (See, Dkt. No. 35 ¶ 32).  Similar to *United States v. M.*

7   *Westland Co.*, these limited restrictions do not rise to the level necessary to support a claim under

8   discrimination based on familial status.  Unlike *Congress*, which Plaintiffs cite, this is not a blanket

9   restriction stopping children from all play in common areas, but rather Defendants have listed

10  reasonable restrictions as to what activities the children cannot engage in to protect the children's

11  health and well-being and that of other tenants of the complex.

12       Even if Plaintiffs were able to demonstrate that they plead sufficient facts to support their

13  allegations of discrimination based on familial status, which Defendants assert they have failed to do,

14  Defendants few limitations on activities in the common area are narrowly tailored and are based on a

15  legitimate business necessity as allowed for by California law.  (See, *Fair Housing Council v. Ayres*,

16  855 F. Supp. 315, 318-319 (C.D. Cal. 1994)).  Plaintiffs conclusory statements that they were

17  discriminated against based on their familial status, without providing a factual basis for this alleged

18  discrimination will not survive the pleading standard as set forth by *Iqbal* and *Twombly*.

19       As discussed above in relation to Plaintiffs' FHA and California FEMA national original

20  discrimination claims, Plaintiffs attempt to state claim of discrimination for familial status under

21  California law (FEHA) would be analyzed under the same principals and would also fail.

22  Accordingly, Defendants assert that the arguments raised in their support of its motion to dismiss

23  Plaintiffs claimed discrimination based on familial status under 42 U.S.C. § 3604 (b) apply equally to

24  Defendants arguments as to Plaintiffs' familial status discrimination claims under the FHA.

25       Plaintiffs have failed to allege sufficient facts to support their claim of discrimination based on

26  familial status under either the FHA or the FEHA.  Accordingly, Claims I and III of Plaintiffs' First

27  Amended Complaint should be dismissed.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1      **D.      California Unruh Act (Cal. Civ. Code § 51)**

2          The Unruh Act prevents discrimination by California businesses; "[a]ll person within the

3    jurisdiction of this state are free and equal, no matter what their sex, race, color, religion, ancestry,

4    national origin, or disability by business establishments."  Cal. Civ. Code §§ 51-53.  Defendant's

5    argument is simple: Because Plaintiffs failed to allege sufficient facts to support a claim for

6    discrimination under the FHA or the FEHA, Plaintiffs have failed to plead sufficient facts to support a

7    claim under the Unruh Act (i.e. if Plaintiffs cannot establish discrimination by Defendants against

8    Tenant Plaintiff in the operation of the property, a business establishment, they will be unable to

9    maintain an action under the Unruh Act).

10         As previously discussed, Plaintiffs' facts purportedly supporting their disparate treatment are

11   based entirely on an inappropriate comparison between alleged conditions at an apartment building in

12   Cupertino and alleged conditions at the subject apartment complexes in Gilroy.  However, because the

13   apartment complexes in Cupertino are owned and operated by different persons than the apartment

14   complexes in Gilroy, it is inappropriate and improper for the Plaintiffs to compare purported

15   conditions at these unrelated apartment complexes in an attempt to boot strap support for otherwise

16   unsupported claims for discrimination.  Plaintiffs have failed to allege any other facts, outside the

17   comparison of these unrelated apartment complexes, to support their claim that they are being

18   discriminated against based on their national origin.

19         Similarly, Plaintiffs fail to allege any facts which support their claim that Defendants

20   purported failure to make repairs is based in any way on national origin.  As stated above, Plaintiffs

21   have also failed to plead sufficient facts to support a claim for discrimination under familial status.

22   Accordingly, Plaintiffs have not plead sufficient facts to support an allegation of discrimination and as

23   such, Plaintiffs have no basis for their claims of discrimination under the Unruh Act (Cal. Civ. Code §

24   51).  Based on the foregoing, Claim V of Plaintiffs' First Amended Complaint should be dismissed.

25      **E.      Retaliation**

26         Plaintiffs' assert three separate claims related to purported retaliation against Plaintiff Jimenez

27   family (Jimenez Plaintiffs) by Defendants: (1) Retaliation in Violation of the Federal FHA (Claim VI)

28   (2) Retaliation in Violation of the California FEHA (Claim VII); and (3) Retaliation under Cal. Civil

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-4051-0263.1                                    12                              5:16-CV-04434-EJD
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

1   Code § 1942.5 (Claim VIII).  All three of these statutory retaliation claims have one thing in common:

2   they prohibit landlords from retaliating against tenants who have exercised their rights under the FHA

3   or FEHA.

4        Under 42 U.S.C. §3604 it's "unlawful to violate the Fair Housing Amendment Act by

5   unlawfully coercing, intimidating, threatening, or interfering with any person in the exercise or

6   enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or

7   encouraged any other person in the exercise or enjoyment of, any right granted or protected by 42

8   U.S.C. §3604."  The causal connection needed for proof of a retaliation claim under 42 U.S.C. § 3617

9   can be established **indirectly by showing that the protected activity was closely followed in time**

10  **by the adverse action**.  (Emphasis added.)  Based on the timing of the events at issue, we cannot see

11  how any action taken or not taken by the landlord can be viewed as retaliatory because all conduct

12  occurred **before** the supposed triggering event.

13       Plaintiffs cite to the state law in asserting, "[t]he rights protected include the exercise of any

14  legal right even though the tenant's acts are not covered by the statue.  *Barela v. Superior Court*, 30

15  Cal.3d 244 (1981).  California Civil Code Section 1942.5 prohibits a landlord from retaliating against

16  a tenant for asserting legally protected rights.  *Banuelos v. LA Investment*, LLV 219 Cal.App.4th 323,

17  327 (2013).  A landlord may not evict a tenant, increase rent, decrease services, or cause a tenant to

18  move because of that tenant's peaceful and lawful invocation of his or her rights.  Cal. Civ. Code §

19  1942.5(c).

20       Plaintiffs allege that that Defendants retaliated against Jimenez Plaintiffs because Jimenez

21  Plaintiffs took the following actions related to their fair housing rights: requesting repairs, meeting

22  with the Defendant property owners, communicating with Project Sentinel, meeting with fair housing

23  attorneys and filing the present lawsuit.  Plaintiffs go on to state that Defendants have taken negative

24  action against Plaintiffs Jimenez family including raising rent, failing to repair conditions related to

25  tenability, serving eviction notices, and filing unlawful detainer actions to evict for the purpose of

26  retaliating against Plaintiffs' lawful and peaceable exercise of Plaintiffs rights under the law against

27  Plaintiffs who complained about conditions at the premises.  Plaintiffs have failed to allege sufficient

28  facts to support any of their three retaliation claims.  Plaintiffs have failed to allege any facts that show

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-4051-0263.1                                    13                          5:16-CV-04434-EJD
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

1    that the Jimenez Plaintiffs were retaliated against by Defendants because they purportedly sought to

2    assert their rights under the FHA or FEHA.  In order to withstand a motion to dismiss Plaintiffs must

3    have alleged that Plaintiff Tenants took some action to protect their rights and, because of this action,

4    the landlords negatively retaliated against them.

5        Plaintiffs have made several factual statements that give the inference of retaliation, but upon

6    closer inspection, they do not appear to demonstrate retaliation.  Plaintiffs state that in September

7    2015, rent was increased.[4]  (See, DKT No. 35 ¶ 37).  Plaintiffs have failed to allege any facts to

8    support that they in any way asserted their rights under FHA or FEHA with regard to any alleged

9    violations at the premises prior to the Defendants global increase in rent.  Plaintiffs also fail to state

10   any facts that would support that this rent increase was in fact retaliation for any act on behalf of

11   Plaintiffs.  Additionally, the rent increase at issue was given to all residents, not just the Jimenez

12   family.  In fact, Plaintiffs go on to state that **after** they received this notification of a rent increase,

13   they then met with Defendant David Tsai to make complaints with regard to repairs that needed to be

14   made. (Id. ¶ 37).  Clearly the timing of Plaintiffs' repair complaints does not demonstrate retaliation

15   on the part of the Defendants.

16       Further, Plaintiffs state that they met with representatives of the Law Foundation in April

17   2016, which is well after the Defendants sought to increase the rent.  (*Id*. ¶ 45.)  Clearly the rent

18   increase Plaintiffs seek to use in support of their retaliation claim does not meet the pleading standard

19   as set forth in *Iqbal* and *Twombly* to demonstrate retaliation.  Roughly two months after Plaintiffs met

20   with the Law Foundation, on June 7, 2016, Plaintiff Jimenez was served with a 60-notice of

21   termination.  After Plaintiffs were served with this notice, on June 8, 2016, improper party Undine

22   Tsai allegedly asked Jimenez Plaintiffs if they had met with an attorney.  Ms. Tsai clearly had no idea

23   that Plaintiffs had been meeting with lawyers from the Law Foundation prior to this serving a 60-day

24   notice.  Furthermore, Ms. Tsai has no ownership interest in the Gilroy properties so any questions she

25

26   [4]  Plaintiffs mistakenly state that notices of rent increase were sent to all residents of 590 Stoney
     Court, when in fact notices of rent increase were sent to all of Defendant David Tsai's properties
27   including the units at 611 E. 7th Street.

28


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    may have asked have no bearing on the issues at hand.  Because Defendants did not learn of the Law

2    Foundation's involvement until after Jimenez Plaintiffs were given their 60-day notice, Plaintiffs will

3    be unable to prove that this was a retaliatory eviction.

4           To the extent Plaintiffs seek to rely on this single instance of a notice of termination, issued to

5    a single tenant family, to support their retaliation claims, it begs the question as to why only this

6    family was terminated and not the other Plaintiff families who allegedly engaged in the same

7    behavior?  Additionally, with regards to Tenant Jimenez family, Plaintiffs even cite to a letter from

8    Defendants which states that notice to termination tenancy <u>was not retaliatory and provided alternative</u>

9    <u>reasons that they terminated tenancy</u> (the alternative reason offered for termination appears to be

10    missing in Plaintiffs' FAC).  (Dkt No. 35 ¶ 47).  There are many lawful reasons for which a family

11    may be evicted, and evidently this reason was provided to Plaintiffs.  Without directly pleading facts

12    tying Defendants actions in serving this eviction notice to Jimenez Plaintiffs, Plaintiffs will not be able

13    to withstand dismissal of these claims.  Accordingly, Plaintiffs have not alleged any viable facts to

14    support any of their relation claims and Claims VI-VIII of Plaintiffs' FAC should be dismissed.

15        **F.**    **Project Sentinel's Lack of Standing**

16           In addition to not proving discrimination, Plaintiff Project Sentinel does not have standing

17    under Article III of the Constitution which requires an injury-in-fact.  The sole requirement for

18    standing under the FHA and FEHA is that a person or organization suffered injury.  See, 42 U.S.C. §

19    3604; Cal. Govt. Code §§ 12989.1, 12927(f) and (g).  Under *Havens Realty Corp. v. Coleman*, a fair

20    housing organization establishes standing when it suffers "a concrete and demonstrable injury with a

21    consequent drain on the organization's resources."  *Havens Realty Corp. v. Coleman*, 455 U.S. 363,

22    370 (1982).

23           The Northern District Court of California examines what is necessary to establish

24    organizational standing in *Project Sentinel v. Evergreen Ridge Apartments*, 40 F. Supp. 2d 1136 (N.D.

25    Cal. 1999).  In this case, Plaintiff Project Sentinel sued Defendant apartment complex owners for

26    maintaining a discriminatory policy toward families with children and failing to provide handicap

27    access to rental offices.  The Plaintiff alleged that defendants' discriminatory treatment of families,

28    *inter alia,* "frustrated [its] mission requiring it to expend scarce resources to investigate and document

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-4051-0263.1           15           5:16-CV-04434-EJD

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

1    said practices, and will require further expenditures of staff time to monitor and perform compliance

2    and investigations." *Id.* at 1138.  The district court held that these allegations failed to establish an

3    injury-in-fact required for Article III standing.  *Id.*

4         The Judge explained in his decision that, "to establish standing to sue, a plaintiff must allege

5    that he has, as a result of defendants' actions, suffered a *distinct and palpable* injury." *Id.* (citing

6    *Havens*, 455 U.S. at 372) (emphasis  in original).  If "an organization points to a concrete and

7    demonstrable injury to its ***activities***, not simply a setback to the organization's abstract social interests,

8    the organization may successfully allege an injury in fact." *Id.* (citing *Havens*, 455 U.S. at 379)

9    (emphasis added).  "In other words, an organization establishes an Article III injury if it alleges that

10   unlawful action has increased the resources the group must devote to programs **independent** of its suit

11   challenging the unlawful action." *Id.*

12        The Judge continued "*Havens* did not base its holding in favor of standing merely on the

13   diversion of resources to litigation, but rather on the alleged injury that the defendants' actions

14   themselves inflicted upon the plaintiff's referral and counseling programs." *Id.* at 1140 (citing

15   *Havens*, 455 U.S. at 379).  The district court then went on to hold that the plaintiff (coincidentally also

16   Project Sentinel) failed to establish organizational standing.

17        Project Sentinel asserts that it is a non-profit corporation organized under the laws of the State

18   of California with its claimed mission being to develop and promote fairness and equality of housing

19   for all persons and to advocate peaceful resolution of disputes for community welfare and harmony

20   and one of its specific goals is the elimination of all forms of illegal housing discrimination.  (See,

21   Dkt. No. 35 ¶ 12).  Interestingly, Project Sentinel claims it has suffered injury because it has expended

22   its resources investigating allegations against Defendants, and providing education to residents of the

23   Gilroy Complexes at issue.  (See Dkt No. 35 ¶ 79.)  Project Sentinel goes on to state that their injury is

24   demonstrated by the fact they were "impaired and frustrated" from completing their mission by

25   expending resources on programs and activities to counteract the Defendant's alleged discriminatory

26   housing practise and that it had to devote its resources to identify and counteract the Defendants'

27   alleged unlawful housing project.  (*Id.*)  Plaintiff Project Sentinel states that because of Defendants

28   alleged discriminatory acts and failures to repair, it had to divert its resources to provide outreach and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-4051-0263.1                                16                      5:16-CV-04434-EJD
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

1   education to the community.  (See, Dkt. 35 ¶ 78).  Plaintiff Project Sentinel does not allege injury to

2   itself independent of its decision to divert resources away from the pursuit of its abstract goals to

3   support this suit.  (*Id.*)

4          Plaintiffs do not allege that any of Defendants' conduct directly obstructed any of their

5   services; rather, the sole injuries are to Plaintiffs' abstract goals and to any work they did in preparing

6   for this lawsuit.  Specifically, Plaintiffs allege as follows:

7         Plaintiffs claim that Defendants actions have (1) "impaired and frustrated" Plaintiff
      Project Sentinel's mission of eliminating discriminatory housing practices against

8         persons based on their family status, by requiring Project Sentinel to expend resources
      on programs and activities to counteract the Defendants' alleged discriminatory

9         housing practices; and (2) forced Project Sentinel to devote its resources away from

10         other activities.  As a result Project Sentinel has allegedly suffered economic losses in
      the form of staff pay, publication costs, and its inability to undertake other projects.

11         (*Id.* ¶ 83.)

12          While Project Sentinel's allegations as to its purported injury create the illusion of an actual

13   injury (or loss of money or property) it nevertheless is a futile attempt to establish standing.  The

14   alleged injury that Project Sentinel's "mission suffered" is not an actual loss of money or property.

15   Likewise, its' independent decision to expend "scare resources" does not establish a loss of money or

16   property.  Noticeably absent from the FAC is any alleged injury to Project Sentinel independent of

17   their decision to" divert resources away from the pursuit of its abstract goals to support this suit."  See

18   *Project Sentinel*, supra, 40 F.Supp.2d at 1140.  These allegations are wholly insufficient to establish

19   organizational standing.

20          Additionally and most importantly, Project Sentinel claims that its purpose and mission is to

21   investigate Fair Housing violations on the one hand, while at the same time claiming that it was

22   injured by independently choosing to extend its efforts to this very activity.  It seems that public

23   policy arguments alone would prohibit a non-profit organization from making this type of argument,

24   which in turn would allow it to gain a windfall by merely engaging in its standard non-profit activities.

25   Overall, Plaintiff Project Sentinel has no connection to the matters at issue in this litigation and has

26   suffered no real injury as to the allegations in the case at hand and therefore, should be dismissed for

27   lack of standing.

28   / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-4051-0263.1           17           5:16-CV-04434-EJD
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

1   **V.      <u>CONCLUSION</u>**

2       Plaintiffs have named an improper party (Undine Tsai) and, based on their failure to allege

3   sufficient facts, a large portion of their claims as asserted in the First Amended Complaint should be

4   dismissed.  Plaintiffs have failed to allege sufficient facts to support any discrimination claim under

5   either FHA or FEHA based on either national origin or familial status and as such Claims I-IV of

6   Plaintiffs' First Amended Complaint should be dismissed.  Further, Plaintiffs have not pleaded any

7   facts demonstrating that Defendant owner has retaliated against the Plaintiffs and as such, Plaintiffs

8   Claims VI-VIII should be dismissed.  Defendants respectfully request this Court grant this motion and

9   dismiss Plaintiffs' Claims I-VIII, without leave to amend, dismiss named defendant Undine Tsai as an

10  improper party and dismiss Plaintiff Project Sentinel for lack of standing.

11  DATED: October 14, 2016                LEWIS BRISBOIS BISGAARD & SMITH LLP

                                    By: _____ */s/ Elizabeth M. Dooley* _____
12                                       Glenn A. Friedman
13                                       Paul A. Desrochers
                                         Elizabeth M. Dooley
14                                       Attorneys for Defendants
                                         DAVID TSAI, UNDINE TSAI and SHANG SHEN
15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW