**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GLENN A. FRIEDMAN, SB# 104442
  Email: Glenn.Friedman@lewisbrisbois.com
PAUL A. DESROCHERS, SB# 214855
  Email: Paul.Desrochers@lewisbrisbois.com
JAMES L. SHEA, SB# 238337
  Email: James.Shea@lewisbrisbois.com
ELIZABETH M. DOOLEY, SB# 289510
  Email: Elizabeth.Dooley@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile:  415.434.0882

Attorneys for Defendants DAVID TSAI, UNDINE TSAI and SHANG SHEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ISMAEL JIMENEZ, YOLANDA JIMENEZ, ANGELES JIMENEZ, ANTONIO JIMENEZ, CARMENTINA HERRERA, LUIS ALVAREZ, EBARISTO ALAVEZ, JOSEFA JIMENEZ, JESUCITA ORTIZ, RODOLFO ROBLES, and PROJECT SENTINEL, a California non-profit corporation, on behalf of itself and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID TSAI, UNDINE TSAI, and SHANG SHEN,<br><br>Defendants. | CASE NO. 5:16-cv-04434-EJD<br><br>**DEFENDANTS DAVID TSAI, UNDINE TSAI AND SHANG SHEN'S MOTION FOR ADMINISTRATIVE RELIEF AND OPPOSITION TO NATIONAL FAIR HOUSING ALLIANCE, ET AL'S MOTION FOR LEAVE TO FILE AMICI BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date:  October 5, 2017<br>Time:  9:00 a.m.<br>Crtrm: 4, 5th Floor<br>Judge: Honorable Edward J. Davila |

1  Under Civil Local Rule 7-11, Defendants DAVID TSAI, UNDINE TSAI and SHANG SHEN
2  ("Defendants") hereby submit this motion for administrative relief and opposition to NHFA, et al.'s
3  motion for leave to file an amici brief in opposition to Defendants' motion to dismiss Plaintiffs'
4  second amended complaint.

5  **I.    INTRODUCTION**

6  Plaintiffs' opposition to Defendants' motion to dismiss the second amended complaint was
7  filed on August 18, 2017.  (Doc. 79; Shea Decl., ¶ 2) On September 8, 2017, National Fair Housing
8  Alliance; Housing Rights Center; Eden Council for Hope and Opportunity; Fair Housing Advocates of
9  Northern California; Fair Housing Council of Orange County; Fair Housing Council of Riverside,
10 Inc.; Fair Housing Council of the San Fernando Valley; Fair Housing Foundation; Fair Housing Napa
11 Valley; and Inland Fair Housing & Mediation Board, (hereinafter collectively "Amici") filed a motion
12 for leave to file a brief as amici curiae in opposition to Defendants' motion to dismiss Plaintiffs'
13 second amended complaint. (Doc. 85; Shea Decl., ¶ 3)

14 Such motions are typically governed by Civil Local Rule 7-11, which mandates that opposition
15 must be filed within four (4) days, but on September 8, 2017 the following notice was issued:

16 *Ex Parte MOTION to File Amicus Curiae Brief filed by Ebaristo Alavez, Luis Alvarez, Carmentina Herrera, Angeles Jimenez, Antonio Jimenez, Ismael Jimenez, Josefa Jimenez,*
17 *Yolanda Jimenez, Jesucita Ortiz, Project Sentinel, Rodolfo Robles. Motion Hearing set for 10/5/2017 09:00 AM in Courtroom 4, 5th Floor, San Jose before Hon. Edward J. Davila.*
18 *Responses due by 9/22/2017. Replies due by 9/29/2017. (Attachments: # (1) Exhibit Exhibit 1 - Proposed Amicus Brief, # (2) Exhibit Exhibit 2 - Declaration of Annette D. Kirkham, # (3)*
19 *Proposed Order [Proposed] Order)(Chang, D.) (Filed on 9/8/2017)*

20 (Shea Decl., ¶ 4)

21 On September 13, 2017, Amici then filed a "Notice of Errata Re Brief of Amici Curiae in
22 Support of Plaintiffs' Project Sentinel's Opposition to Defendant's Motion to Dismiss."  This marked
23 the first time Defendants received the correct version of the Amici brief. (Doc. 86; Shea Decl., ¶ 5)

24 On September 18, 2017, despite the September 22 response date set by the September 8
25 electronic notice, the Court issued an order which granted leave to Amici, allowing the Amici brief to
26 be considered by the Court without hearing opposition.  (Doc. 87; Shea Decl., ¶ 6) On September 18,
27 2017, counsel contacted the Court clerk in an effort to determine why the Court had opted to grant
28 leave to Amici prior to the date for filing an opposition. Ms. Kratzmann advised as follows:

> *To clarify, the Court's procedure for Motions for Leave to file Amicus Curiae Briefs is that an administrative motion and or ex parte application for leave to file amicus curiae brief is filed without a notice hearing. The opposition/objection period is 4 days. Therefore, once the deadline for opposition has passed then the court issues ruling/order.*
>
> *I understand in review of the docket that the party set the briefing deadlines when the motion was filed that was incorrect.*
>
> *A party should file an administrative motion should relief be sought from the order in this matter if so required.*

(Shea Decl., ¶ 7)(emphasis added)

The Court has granted leave for the Amici brief, without entertaining opposition, based on an improper briefing schedule submitted by Amici. Defendants respectfully request that the Court consider the following opposition to Amici's motion for leave.

## II.     OPPOSITION TO MOTION FOR LEAVE TO FILE AMICI BRIEF

### A.     The proposed Amici brief is not timely

Federal district courts have the inherent authority to accept and consider amicus briefs, and the ability to permit or deny those briefs is solely within the court's discretion. But the court's discretion is guided by Federal Rule of Appellate Procedure 29. "No statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an amicus brief. . .and in the absence of controlling authority, district courts commonly refer to [Federal Rule of Appellate Procedure] 29 for guidance." *United States ex rel Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007) "Factors relevant to whether amicus briefing should be allowed include whether the proffered information is **'timely and useful'** or otherwise necessary to the administration of justice." *Id*. (emphasis added)

Federal Rule of Appellate Procedure 29(a)(6) provides the following guidance on the timeliness of amicus briefs: "An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed." As noted above, Plaintiffs' opposition to Defendants' motion to dismiss the second amended complaint was filed on August 18, 2017. On September 7, 2017, nineteen (19) days after the Plaintiffs' brief was filed (and the day before Defendants' reply was due), counsel for Project Sentinel for the first time asked Defendants to stipulate to the filing of an amici brief. (Declaration of Annette D. Kirkham, Doc. 85-2, 9/8/17, 2:12-18; Shea Decl., ¶ 8)

On September 8, 2017, twenty (20) days after the Plaintiffs' opposition had been filed, Project Sentinel's counsel finally identified the National Fair Housing Alliance and the Housing Rights Center as the two entities that would potentially be filing an amici brief (without identifying any of the other eight (8) entities that are now included as amici.) Because Defendants' reply brief had already been finalized for filing, Defendants rejected opposing counsel's request, and filed their reply shortly thereafter. (Kirkham Decl., Doc. 85-2, 9/8/17, 2:12-18; Shea Decl., ¶ 9) Within a few short hours of this exchange, Amici filed a four (4) page motion for leave and a twenty-one (21) page opposition brief, which appears to indicate that counsel intentionally waited until the eve that the reply brief was due before making a stipulation request to Defendants. (Doc. 85; Shea Decl., ¶ 10)

All of the above highlights why the "timely" filing of an amicus brief is so important. The seven day (7) deadline for filing an amicus brief was discussed by the advisory committee in notes following the 1998 amendment to Rule 29:

> *"The 7-day stagger was adopted because it is long enough to permit an amicus to review the completed brief of the party being supported and avoid repetitious argument. A 7-day period also is short enough that no adjustment need be made in the opposing party's briefing schedule. The opposing party will have sufficient time to review arguments made by the amicus and address them in the party's responsive pleading."*

(Federal Rule of Appellate Procedure 29, Committee Notes on Rules – 1998 Amendment)

In the present matter, Defendants were not afforded a seven day stagger, or any stagger. Rather than receiving the proposed amici arguments prior to filing its reply brief, Defendants received the amici arguments **AFTER** they had already filed their reply. If the Defendants wish to challenge any of the arguments presented within the amici brief, Defendants must now file yet another challenge to the standing of Project Sentinel.

Project Sentinel has been the subject of three (3) dismissal efforts, and Plaintiffs received an extended period of time to oppose the motion to dismiss the second amended complaint, yet Amici did not file a brief for the motion to dismiss the first amended complaint, and waited until after Defendants' reply brief had been filed for the motion to dismiss the second amended complaint before deciding to attempt to file a brief. Rather than unfairly task the Defendants with the additional burden of responding to an extremely late amici brief, defendants request that the amici brief be rejected from consideration.

### B. The proposed Amici brief is not useful

As indicated above, not only should an amicus brief be timely, it should also be useful. *United States ex rel Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927. "Other district courts, mindful of concerns of exhaustion and efficiency, have inquired whether proposed amicus filings present information which is "timely and useful." *Abu-Jamal v. Horn*, 2000 U.S. Dist. LEXIS 11013, *8 (E.D. Pa. Aug. 7, 2000) citing to *Sciotto v. Marple Newton Sch. Dist.,* 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999); *The Hawksbill Sea Turtle v. FEMA*, 11 F. Supp. 2d 529, 541 (D. V.I. 1998); *Waste Mgt. of Pa., Inc. v. City of York,* 162 F.R.D. 34, 36 (M.D. Pa. 1995); *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985)

In the present matter, plaintiffs' opposition to the motion to dismiss, and the subsequently filed Amici brief, both focused on the following arguments: (1) The Supreme Court affirmed the standing of fair housing organizations to bring suit under the FHA in *Havens Realty Corp. v. Coleman* (Plain. Opp. brief, Doc. 79, 5:9-10; Amici brief, Doc. 86-1, 6:5-12); (2) The Ninth Circuit set the standard for a fair housing organization to assert organizational standing under the FHA in *Fair Housing of Marin v. Combs* (Plain. Opp. brief, Doc. 79, 6:10-11; Amici brief, Doc. 86-1, 7:8-23); (3) Under *Havens* and Ninth Circuit precedent, only diversion of resources need to be pled, not significant diversion of resources (Plain. Opp. brief, Doc. 79, 7:11-13); (4)Under *National Fair Housing Alliance v. Spanos* and *Smith v. Pacific Properties and Development Corp*, Project Sentinel need only plead that resources were diverted, and needn't provide a detailed showing of what those resources were (Plain. Opp. brief, Doc. 79, 8:4-7; Amici brief, Doc. 86-1, 8:17-10:7); (5) Under *Havens* and *Pacific Properties* (citing to *Fair Housing of Marin*), the Second Amended Complaint sufficiently pleads that Project Sentinel's mission of promoting fair and equal housing has been frustrated by Defendants' discriminatory actions (Plain. Opp. brief, Doc. 79, 11:4-16; Amici brief, Doc. 86-1, 8:17-10:7)

The Amici brief focuses on the same arguments and the same case law raised by Plaintiffs. The re-packaging of Plaintiffs' arguments is not useful, and does nothing to add to the Court's ability to analyze the issues presented by this motion to dismiss.

### C. Amici have not complied with the disclosure requirements

Federal Rule of Appellate Procedure 29 (a)(4) provides additional requirements that Amici

1  have not complied with in the filing of the Amici brief. Amici should have provided a disclosure statement (R29(a)(4)(A)) and a statement that indicates whether a party's counsel authored the brief in whole or in part, or whether a party or party's counsel contributed money that was intended to fund preparing or submitting the brief (R29(a)(4)(E)(i-ii)).

### D. Project Sentinel appears to be an "Operating Member" of NFHA

The Amici brief states that National Fair Housing Alliance, Inc. ("NFHA") represents "approximately 75 private, non-profit fair housing organizations. (Amici brief, Doc. 86-1, 1:2-4) The Amici Brief also indicates that The Housing Rights Center is a member of NFHA, as are the eight (8) other participating amici. (Amici brief, Doc. 86-1, 1:14-20)

Left unsaid is the fact that Project Sentinel, the party for whom Amici are attempting to argue, appears to be an operating member of NFHA. (Shea Decl., ¶ 11) Operating members of NFHA submit an application for membership to NFHA, pay annual dues, and are allowed to vote on matters under consideration by NFHA. The membership application specifically states that operating members **"determine the policies and actions of NFHA."** (Shea Decl., ¶ 12)(emphasis added) Because Amici have not submitted any disclosure about their ongoing relationship with Project Sentinel, and because it appears that Project Sentinel is allowed to partially dictate the actions of NFHA, Defendants are left to surmise that the Amici brief is little more than a "do over" attempt by Project Sentinel to oppose the 3rd motion to dismiss Project Sentinel from this case.

### III. CONCLUSION

Amici waited until after Defendants had already filed their reply brief before seeking leave to file an amici brief. Allowing Amici to duplicate Plaintiffs' arguments does nothing to assist the Court, and only burdens Defendants by forcing them to file what amounts to a 3rd Reply brief for an attempt to dismiss Project Sentinel. Based on the above, Defendants respectfully request that the Court refuse to consider the contents of the Amici brief.

DATED: September 21, 2017        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ James L. Shea*
JAMES L. SHEA
Attorneys for Defendants
DAVID TSAI, UNDINE TSAI and SHANG SHEN

# CERTIFICATE OF SERVICE
*Ismael Jimenez, et al. v. David Tsai, et al.*
U.S. District Court, Northern District of California, San Jose Division
Case No. 5:16-cv-04434-EJD

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On September 21, 2017, I served the following document:

**DEFENDANTS DAVID TSAI, UNDINE TSAI AND SHANG SHEN'S ADMINISTRATIVE MOTION FOR RELIEF AND OPPOSITION TO NATIONAL FAIR HOUSING ALLIANCE, ET AL'S MOTION FOR LEAVE TO FILE AMICI BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

I served the document on the following persons at the following addresses (including fax numbers and email addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The document was served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the document with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed in the attached Service List.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 21, 2017, at San Francisco, California.

*/s/ Terri M. Groshong*
Terri M. Groshong

**CERTIFICATE OF SERVICE**
**SERVICE LIST**
*Ismael Jimenez, et al. v. David Tsai, et al.*
U.S. District Court, Northern District of California, San Jose Division
Case No. 5:16-cv-04434-EJD

| | |
|---|---|
| Kyra A. Kazantzis, Esq.<br>Annette D. Kirkham, Esq.<br>Diana E. Castillo, Esq.<br>Nadia Aziz, Esq.<br>Matthew Warren, Esq.<br>Law Foundation of Silicon Valley<br>Fair Housing Law Project<br>152 North Third Street, 3rd Floor<br>San Jose, CA  95112<br>Tel:  (408) 280-2411<br>Fax:  (408) 293-0106<br>Email: kyrak@lawfoundation.org<br>        annettek@lawfoundation.org<br>        dianac@lawfoundation.org<br>        nadia.aziz@lawfoundation.org<br>        matthew.warren@lawfoundation.org<br><br>*Attorneys for Plaintiffs ISMAEL JIMENEZ, YOLANDA JIMENEZ, ANGELES JIMENEZ, ANTONIO JIMENEZ, CARMENTINA HERRERA, LUIS ALVAREZ, EBARISTO ALAVEZ, JOSEFA JIMENEZ, JESUCITA ORTIZ, RODOLFO ROBLES and PROJECT SENTINEL* | Michael R. Headley, Esq.<br>Dalia B. Kothari, Esq.<br>Andrew M. Goldberg, Esq.<br>Alana C. Mannigé, Esq.<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>Tel:    (650) 839-5070<br>Fax:    (650) 839-5071<br>Email: headley@fr.com<br>        kothari@fr.com<br>        goldberg@fr.com<br>        torabi@fr.com<br>        mannige@fr.com<br><br>*Attorneys for Plaintiffs ISMAEL JIMENEZ, YOLANDA JIMENEZ, ANGELES JIMENEZ, ANTONIO JIMENEZ, CARMENTINA HERRERA, LUIS ALVAREZ, EBARISTO ALAVEZ, JOSEFA JIMENEZ, JESUCITA ORTIZ, RODOLFO ROBLES, and PROJECT SENTINEL* |