**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GLENN A. FRIEDMAN, SB# 104442
   Email: Glenn.Friedman@lewisbrisbois.com
PAUL A. DESROCHERS, SB# 214855
   Email: Paul.Desrochers@lewisbrisbois.com
JAMES L. SHEA, SB# 238337
   Email: James.Shea@lewisbrisbois.com
ELIZABETH M. DOOLEY, SB# 289510
   Email: Elizabeth.Dooley@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile:  415.434.0882

Attorneys for Defendants DAVID TSAI, UNDINE TSAI and SHANG SHEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ISMAEL JIMENEZ, YOLANDA JIMENEZ, ANGELES JIMENEZ, ANTONIO JIMENEZ, CARMENTINA HERRERA, LUIS ALVAREZ, EBARISTO ALAVEZ, JOSEFA JIMENEZ, JESUCITA ORTIZ, RODOLFO ROBLES, and PROJECT SENTINEL, a California non-profit corporation, on behalf of itself and the general public,<br><br>        Plaintiffs,<br><br>    vs.<br><br>DAVID TSAI, UNDINE TSAI, and SHANG SHEN,<br><br>        Defendants. | CASE NO. 5:16-cv-04434-EJD (HRL)<br><br>**SUPPLEMENTAL DISCOVERY DISPUTE REPORT NO. 2**<br><br>Judge:   Magistrate Judge Howard R. Lloyd<br>Crtrm:   2 |

Defendants David Tsai, Undine Tsai, and Shang Shen ("Defendants") hereby respectfully submit the instant Supplemental Discovery Dispute Report No. 2. The parties have not been able to resolve their dispute regarding Defendants' requests for additional depositions, including the depositions of a number of children. Defendants are represented by Lewis Brisbois Bisgaard & Smith LLP.

**Issue:** Whether, Defendants should be allowed a further expansion of the deposition limits as set forth in Fed. R. Civ. P. 30. Whether, due to the number of issues raised in the

thirteen causes of action and Plaintiffs' responses to discovery, Defendants should be granted additional discovery.

**Joint Meetings:** Lead counsel for the parties met and conferred on multiple occasions via both written and oral communications, met in person on July 11, 2017, at the offices of counsel for Defendants, and again on July 19, 2017, with regard to additional discovery disputes to be addressed by the discovery magistrate. On August 3, 2017 at 11:00 a.m. the parties had Discovery Hearing with Judge Davila regarding the herein stated items. At that time Judge Davila granted Defendants a total of fifteen (15) depositions with the possibility for additional depositions, if necessary upon the completion of the expanded number of depositions.

**Relevant Dates:** The current discovery cut-off date is September 30, 2017. Trial is set to start June 12, 2018.

**Attestation:** Counsel for Defendants attest that they have complied with this Court's Standing Order Re: Civil Discovery Disputes and the additional instructions given to counsel during our telephonic Joint Discovery Dispute Conference.

## I. BACKGROUND

[From previous report.] Plaintiffs are current and former residents of Las Animas Apartments, a 32-unit apartment complex located at 611 E. 7th Street, and 590 Stoney Court, a 20-unit apartment complex, both in Gilroy, California ("the Gilroy Complexes"). The majority of residents at the Gilroy Complexes are of Latino descent.

The Gilroy Complexes are owned by Defendant David Tsai and, at all times relevant to the allegations in Plaintiffs' Complaint, Defendant Shang Shen was Mr. Tsai's on-site property manager. Defendants contend that Shang Shen was the only property manager and Ms. Tsai merely helped her husband on a very limited basis, due to his failing health. Defendant Undine Tsai is Mr. Tsai's wife. Defendants contend that Mrs. Tsai has no ownership interest in the Gilroy Complexes and have produced legal ownership documents to Plaintiffs on multiple occasions to support this but, on occasion, Ms. Tsai assisted Mr. Tsai with his Gilroy Complexes because of his failing health and impaired mental faculties from Parkinson's disease. Plaintiffs

contend that Mrs. Tsai has an interest in the property and manages the property for her husband, David Tsai.

Plaintiffs contend that Defendants have failed to properly maintain the Gilroy Complexes and that such failure has caused Plaintiffs to suffer harm. Defendants dispute these allegations. Plaintiffs further contend that the Gilroy Complexes contain dangerous and uninhabitable conditions including but not limited to: infestations of rats, mice, roaches, and bedbugs; serious sewage back-ups and plumbing leaks; lack of operating heaters; pervasive mold; and loose railings and rotting second floor walkways. Defendants dispute these allegations. Plaintiffs also allege that the Defendants ignored the Plaintiffs' complaints and requests for repair of their units at the Gilroy Complexes, or that they delayed repairs for unreasonable periods. Defendants allege that all repair requests were handled within a reasonable time and were completed fully with Plaintiffs themselves signing off that the repairs had been done. Plaintiffs allege that Defendants have discriminated against them on the basis of their race and national origin. Defendants deny each of Plaintiffs' claims.

Additionally, Plaintiffs alleged that Defendants maintain a hostile environment for children at the Gilroy Complexes. Plaintiffs contend that during his tenure as property manager, Defendant Shang Shen regularly told children not to play outside in the common areas of the complex. Plaintiffs contend that Mr. Shen told children who were playing outside to not play ball, told children to not ride bikes or scooters, and took away the balls of children playing in the common areas of the complex. Defendants deny these claims.

Plaintiffs' contend that their children are afraid of Defendant Shang Shen because of how he treats them. Defendants maintain two identical signs at the Gilroy property located at 611 E. 7th Street that state, "NO SKATEBOARDING[,] BICYCLE RIDING[,] ROLLERSKATING[,] ROLLERBLADING[,] BALL PLAYING." Plaintiffs assert that these signs and the restrictions are to discourage children from playing outdoors. Defendants contend that the restrictions are to protect the health and safety of the residents and their guests. Plaintiffs contend that Defendants only enforce these rules against children, and that Defendant Shang Shen regularly tells children not to play outside in the common areas of the complexes. Defendants allege that these signs

were universally enforced against persons of all ages, not just children. Plaintiffs contend that Mr. Shen yelled at children when they were playing outside at either complex and tells them to play inside. Defendants deny these allegations. Plaintiffs also contend that Mr. Shen nailed shut the gate to Ms. Ortiz's and Mr. Robles' yard without providing them notice or seeking permission. Ms. Ortiz further contends that Mr. Shen informed her that this was to prevent her children from leaving the yard to play in the common area just beyond the fence. Defendants deny these allegations and further contend that the gate was sealed for a different reason and at the request of the Ortiz family. According to Plaintiffs, their children were afraid of Defendant Shen because of how he treated them and that many children completely avoided playing outdoors at the Gilroy Complexes in order to avoid Mr. Shen. Defendants deny these allegations.

Defendant Undine Tsai owns and manages a property at 10160 - 10162 Park Circle West in Cupertino, California. According to Plaintiffs, these properties are mostly occupied by White and Asian tenants and are well maintained.

According to Plaintiffs, because of the complaints of the residents of the Gilroy Properties, Project Sentinel investigated and surveyed both the Gilroy Properties and the Cupertino Properties. Plaintiffs allege that because of this Project Sentinel has diverted its valuable resources from its usual course of business to counteract Defendant's actions. Defendants deny these allegations.

## II. DEFENDANTS' STATEMENT

Plaintiffs filed their Second Amended Complaint ("SAC") on July 7, 2017. Defendants have yet to answer the claims set forth in the SAC and filed a Motion to Dismiss as to Plaintiffs' SAC which is set for hearing on November 2, 2017 (recently extended from October 5, 2017). Per the Court's recent Pretrial Order issued on July 25, 2017, the current discovery cutoff date is September 30, 2017.

Because of the Defendants current challenge to the SAC, the pleadings are not yet settled. Accordingly, Defendants request that the permitted number of depositions be expanded to cover all relevant and necessary persons with pertinent information.

### 1. Additional Depositions

A party may take up to ten depositions without obtaining leave of the court. Fed. R. Civ. P. 30(a)(2)(A). Under Federal Rule 26(b)(2), "[b]y order, the court may alter the limits in [the] rules on the number of depositions and interrogatories or on the length of depositions under Rule 30." Similarly, Federal Rule 16(b)(3)(B)(ii) permits a court to "modify the extent of discovery." Rule 30(a)(2)(A), provides, in pertinent part:

> "(2) … A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
>
> (A) if the parties have not stipulated to the deposition and:
>
> (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants …."

#### i. Plaintiffs' Depositions

In the instant action, an expansion of the number of depositions allowed the Defendants should be expanded as there are ten (10) individually named plaintiffs, one (1) entity with five (5) identified persons, and a total of fifteen children in the action. As of yesterday, Defendants have exhausted the number of allotted depositions and still have several depositions they need to perform in order to defend this lawsuit.

Plaintiffs maintain that there are "four households," and contend that Defendants need only take the deposition of one person from that household. Ironically, if that were the case Plaintiffs could have merely named one member from each household when filing the complaint. Yet, they chose to name ten individual plaintiffs all of which have different experiences and different damages. Further, Defendants attempted to conform to Plaintiffs request and deposed a mere two of the four named adult Plaintiffs from the Jimenez household, each of whom had wholly different accounts as to the allegations in this complaint. Each Plaintiff will take the stand, should this go to trial, as such Defendants deserve the right to know what is going to be said.

*Defendants Proposal:* Defendants propose an additional two depositions to depose Plaintiffs Antonio Jimenez and Ismael Jimenez.

### ii. Children's Depositions

Plaintiffs assert familial discrimination claims under both the FHA and FEHA premised, in large part, on the alleged treatment of and statements made to the Plaintiffs' children.

Defendants' have only been able to depose a limited number of children as they had to be selective in their depositions. Thus far, the children deposed have had wholly different accounts as to what was said to them (if anything) than what their parents have claimed.

Defendants are entitled to explore what the children recall, what was specifically said to them, and how it affected their behavior. These are all crucial factors in determining liability and damages, if any. Defendants should not have to rely on what the Plaintiffs allege as to these claims as the statements were said directly to the children. These are not speculative depositions, but depositions of people that Plaintiffs have identified under their familial discrimination claim. Defendants need to depose the additional older children that Plaintiffs claim were mistreated to allow Defendants to evaluate these claims.

Plaintiffs have identified fifteen children which have allegedly been affected by the alleged conduct of the Defendants: Ortiz-Robles minor children E.R. #1, E.R. #2, J.D.R. , L.R., and A.R.; Alavez-Jimenez minor children D.A., J.A., G.A.,C.A., and A.A.; Herrera Family minor children A.A., S.A., and B.A., and Jimenez minor children N.J. and S.J. Further the aforementioned list is just the children of the named Plaintiffs, there are many other children in the complex that have allegedly been affected by Defendant Shang Shen's alleged discrimination. Defendants only seek to depose children over the age of 12, thus greatly cutting down the number of children to be deposed. Defendants have been able to depose a mere four children, each of which has provided testimony that has drastically contradicted their parents' and/or grand-parents' allegations and testimony. Defendants should be able to depose the remaining children over the age of 12, to fully defend their clients.

*Defendants Proposal:* Defendants propose to only depose the older identified children for a maximum of three hours per child. Defendants wish to depose an additional two children.

///

///

### III. CONCLUSION

Based on the foregoing, Defendants request an additional four depositions: Plaintiffs Ismael Jimenez, Antonio Jimenez and two minor children. In addition, as the fact discovery cut-off is currently set for September 30, 2017, Defendants request an additional month in which to complete the above depositions.

DATED: September 29, 2017          LEWIS BRISBOIS BISGAARD & SMITH LLP

                                   By:     /s/ Elizabeth M. Dooley
                                        Glenn A. Friedman
                                        Paul A. Desrochers
                                        James L. Shea
                                        Elizabeth M. Dooley
                                        Attorneys for Defendants DAVID TSAI, UNDINE TSAI and SHANG SHEN