Kyra A. Kazantzis  (SBN: 154612) / kyrak@lawfoundation.org
Annette D. Kirkham (SBN: 217958) / annettek@lawfoundation.org
Diana E. Castillo (SBN: 237281) / dianac@lawfoundation.org
Nadia Aziz (SBN: 252966) / nadia.aziz@lawfoundation.org
Matthew Warren (SBN: 305422) / matthew.warren@lawfoundation.org
LAW FOUNDATION OF SILICON VALLEY
FAIR HOUSING LAW PROJECT
152 North Third Street, 3rd Floor
San Jose, CA 95112
Telephone: (408) 280-2411 ** Facsimile: (408) 293-0106

Michael Headley (SBN: 220834) / headley@fr.com
Dalia B. Kothari (SBN: 299867) / kothari@fr.com
Andrew M. Goldberg (SBN: 307254) / goldberg@fr.com
Alana C. Mannigé (SBN 313341) / mannige@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070 ** Facsimile: (650) 839-5071

Attorneys for Plaintiffs ISMAEL JIMENEZ, YOLANDA JIMENEZ, ANGELES JIMENEZ, ANTONIO JIMENEZ, CARMENTINA HERRERA, LUIS ALVAREZ, EBARISTO ALAVEZ, JOSEFA JIMENEZ, JESUCITA ORTIZ, RODOLFO ROBLES, and PROJECT SENTINEL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ISMAEL JIMENEZ, YOLANDA JIMENEZ, ANGELES JIMENEZ, ANTONIO JIMENEZ, CARMENTINA HERRERA, LUIS ALVAREZ, EBARISTO ALAVEZ, JOSEFA JIMENEZ, JESUCITA ORTIZ, RODOLFO ROBLES, and PROJECT SENTINEL, a California non-profit corporation, on behalf of itself and the general public,<br><br>        Plaintiffs,<br><br>    v.<br><br>DAVID TSAI, UNDINE TSAI, and SHANG SHEN,<br><br>        Defendants. | Case No. 5:16-CV-04434-EJD<br><br>**PLAINTIFFS' OBJECTIONS AND OPPOSITION TO DEFENDANTS' SUPPLEMENTAL DISCOVERY DISPUTE REPORT NO. 2 AND REQUEST FOR SANCTIONS** |

Plaintiffs hereby submit the following objections and opposition to Defendants' Supplemental Discovery Dispute Report No. 2, submitted September 29, 2017. (ECF# 94.) Defendants' Supplemental Discovery Dispute Report No. 2 should be disregarded entirely because Defendants failed to follow this Court's Standing Order regarding Civil Discovery Disputes. Defendants' demands for additional depositions, including depositions of children, and a 1-month extension of the fact discovery period to accommodate these depositions, should also be dismissed because they are not proportional to the needs of the case.

## I.      Defendants Have Failed to Follow the Court's Standing Order Regarding Civil Discovery Disputes

First, the Court's Standing Order regarding Civil Discovery Disputes requires that the parties meet and confer IN PERSON to attempt to resolve the matter. Standing Order Re: Civil Discovery Disputes, M.J. H.R. Lloyd ("Standing Order"), 2.C. Defendants have failed to even notify Plaintiffs of their request for additional depositions outside of the fifteen depositions Judge Davilla permitted at the Court's Discovery Hearing before filing their Supplemental Discovery Report. In their Report, Defendants identify July 11, 2017, and July 19, 2017, as two dates that the parties met to discuss discovery disputes to be addressed by the discovery magistrate, and they also note the Discovery Hearing with Judge Davila on August 3, 2017. (ECF #94, 2:3-9.) Defendants' own description of previous meet and confer efforts reveals their failure to meet and confer on this topic in over two months, and since the Court's decision in the Discovery Hearing, which limited the number of depositions to 15. Per the Standing Order, Defendants must have met and conferred with Plaintiffs about their desire to conduct even more depositions before filing the Supplemental Report. Defendants' noncompliance with the Court's Standing Order based on the failure to meet and confer requires that their requests be rejected.[1]

---

[1] The Standing Order provides that a Joint Report be prepared within 14 days following the last in person meeting of lead counsel. Standing Order, 2.D. Defendants' submission of a "supplemental" discovery dispute report over two months following the last in person meeting also fails to comply with this instruction.

Additionally, Defendants' "supplemental" report is not a joint report at all, and Plaintiffs were not afforded any opportunity to participate in its preparation. The Standing Order provides that "refusal to participate meaningfully in the preparation of the Joint Report is grounds for imposition of sanctions or entry of an order sought by the other side." Standing Order, 2.D.vi. Defendants did not allow Plaintiffs to meaningfully participate in the preparation of their report by failing to meet and confer about its contents, and by failing to even inform Plaintiffs that they would be filing the supplemental report. Because Defendants filed their supplemental report on their own, without consultation with Plaintiffs' counsel, the Court should consider imposing sanctions. Moreover, Defendants' failure to submit a Joint Report by instead unilaterally submitting a report is yet another deficiency in Defendants' submission that requires that their requests be rejected.

Lastly, the Standing Order states that "formal noticed discovery motions may no longer be filed and, if filed contrary to this order, will not be heard." See Standing Order 2.A. Defendants' unilateral discovery dispute report amounts to a motion to compel further discovery because it seeks permission from the Court to conduct additional discovery in excess of that permitted under the Federal Rules of Civil Procedure. Defendants' demands for additional discovery should not be heard.

## II.     Defendants' Requests for Discovery in Excess of the Federal Rules Amount to an Abuse of the Discovery Process

Rule 26(b)(1) directs courts to limit the frequency or extent of use of discovery if they determine that "the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation." See Advisory Committee Notes, 2015 Amendment. The Rules thus require that discovery be proportional to the needs of the case. As noted by Judge Grewal, "a party seeking discovery of relevant, non-privileged information must show, before anything else, that the discovery sought is proportional to the needs of the case." Gilead Scis.,

1

2

<u>Inc. v. Merck & Co., Inc.</u>, No. 5:13-CV-04057-BLF, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016).

3

4

5

6

7

8

9

10

11

12

13

The demand for even more depositions in the present case is not only unnecessary, but further, it reaches beyond what is proportional to the needs of the case. Defendants have already taken sixteen depositions (including of two different individuals under Rule 30(b)(6)). They have deposed four children.  Despite their claims that all ten Plaintiffs have different experiences and different damages, they have not shown that their demands for additional depositions beyond even the fifteen granted by the Court on August 3, 2017, are proportional to the needs of the case. The Court expanded the number of depositions to fifteen, and Defendants chose not to depose two of the named Plaintiffs.  They cannot, at this time, argue that they should be able to depose those named Plaintiffs when they had the opportunity to do so earlier.  With regards to the depositions of children, Plaintiffs have repeatedly told Defendants that they will only call two children as witnesses, D.A. and E.R., both whose depositions have been taken.

14

15

16

17

18

19

20

21

22

23

Defendants' demands to depose even more people, including two additional children, are unreasonable and untimely given the September 30, 2017, cutoff for fact discovery.  Defendants have been made aware of Plaintiffs' financial and logistical difficulties in getting time off work, in securing child care, and in making transportation arrangements to be deposed far from their Gilroy homes. While these things are part of participating in litigation, Defendants must not be permitted to unnecessarily exceed the limits of discovery for purposes of abuse. Defendants' demands only serve to harass and unnecessarily extend fact discovery despite previous extensions and expansions of the discovery process. <u>See</u> Pretrial Order (ECF #69) (extending cutoff for fact discovery from August 17, 2017 to September 30, 2017).  Defendants' unilateral demand for additional depositions must be denied as not proportional to the needs of the case.

24

**III.    Conclusion**

25

26

27

28

For the reasons stated above, Defendants' Supplemental Discovery Dispute Report, submitted in violation of this Court's Standing Order, must be disregarded entirely.  Defendants' demand for even more depositions should be dismissed because they are not proportional to the

**PLAINTIFFS' OBJECTIONS AND OPPOSITION TO DEFENDANTS' SUPPLEMENTAL DISCOVERY DISPUTE REPORT NO. 2**
**5:16-CV-04434-EJD**

needs of the case.  Additionally,  Plaintiffs  request that the Court sanction Defendants  for their

failure  to meet and confer,  and comply  with  the Standing  Order, by striking  their Supplemental

Discovery  Dispute  Report.

Dated: October 2, 2017

FISH & RICHARDSON P.C.

LAW FOUNDATION OF SILICON VALLEY

By:  ___/s/  Matthew  Warren_____
        Matthew  Warren

Attorneys  for Plaintiffs  ISMAEL JIMENEZ, YOLANDA JIMENEZ, ANGELES JIMENEZ, ANTONIO JIMENEZ, CARMENTINA HERRERA, LUIS ALVAREZ, EBARISTO ALAVEZ, JOSEFA JIMENEZ, JESUCITA ORTIZ, RODOLFO ROBLES, and PROJECT SENTINEL

## CERTIFICATE  OF SERVICE

I hereby  certify  that this document, and any exhibits and attachments  thereto, has been filed  through  the CM/ECF system,  so as to result  in service  upon all participants  registered  as ECF users by transmission  of a Notice of Electronic  Filing  (NEF).

Dated: October 2, 2017                              /s/ Matthew  Warren_____
                                                            Matthew  Warren

**PLAINTIFFS'  OBJECTIONS  AND  OPPOSITION  TO  DEFENDANTS'  SUPPLEMENTAL  DISCOVERY DISPUTE REPORT  NO. 2
5:16-CV-04434-EJD**