**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GLENN A. FRIEDMAN, SB# 104442
  Email: Glenn.Friedman@lewisbrisbois.com
PAUL A. DESROCHERS, SB# 214855
  Email: Paul.Desrochers@lewisbrisbois.com
JAMES L. SHEA, SB #238337
  Email: James.Shea@lewisbrisbois.com
ELIZABETH M. DOOLEY, SB# 289510
  Email: Elizabeth.Dooley@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile:  415.434.0882

Attorneys for Defendants DAVID TSAI, UNDINE TSAI and SHANG SHEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ISMAEL JIMENEZ, YOLANDA JIMENEZ, ANGELES JIMENEZ, ANTONIO JIMENEZ, CARMENTINA HERRERA, LUIS ALVAREZ, EBARISTO ALAVEZ, JOSEFA JIMENEZ, JESUCITA ORTIZ, RODOLFO ROBLES, and PROJECT SENTINEL, a California non-profit corporation, on behalf of itself and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID TSAI, UNDINE TSAI, and SHANG SHEN,<br><br>Defendants. | CASE NO. 5:16-cv-04434-EJD<br><br>**DEFENDANTS DAVID TSAI, UNDINE TSAI AND SHANG SHEN'S REPLY TO NATIONAL FAIR HOUSING ALLIANCE'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**Date:** November 2, 2017<br>**Time:** 9:00 a.m.<br>**Crtrm: 4, 5th Floor**<br>**Judge: Honorable Edward J. Davila** |

Defendants DAVID TSAI, UNDINE TSAI and SHANG SHEN ("Defendants") hereby submit their Reply Brief in response to the Amici Curiae Opposition to Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint, filed by National Fair Housing Alliance ("NFHA"); Housing Rights Center; Eden Council for Hope and Opportunity; Fair Housing Advocates of Northern California; Fair Housing Council of Orange County; Fair Housing Council of Riverside, Inc.; Fair Housing Council of the San Fernando Valley; Fair Housing Foundation; Fair Housing Napa Valley; and Inland Fair Housing & Mediation Board, (hereinafter collectively "Amici") on behalf of Plaintiffs. Defendants incorporate by reference herein all arguments raised within Defendants' Reply to

Plaintiffs' Opposition to Defendants' Motion to Dismiss the Second Amended Complaint, and all arguments raised within Defendants' Opposition to Amici's Motion for Leave to File an Amici Brief in Opposition to Defendants' Motion to Dismiss.

## I. INTRODUCTION

Defendants have now had to file four (4) separate sets of briefs challenging the standing of Project Sentinel, including responding to the latest attempt by amici curiae, which was filed **after** Defendants' reply brief to Plaintiffs' Opposition to Defendants' Motion to Dismiss the Second Amended Complaint. (Motion to Dismiss in response to original complaint, [Dkt. No. 26]; Motion to Dismiss and Reply in response to filing of first amended complaint, [Dkt. Nos. 40, 54]; Motion to Dismiss and Reply in response to filing of second amended complaint, [Dkt. Nos. 67, 84]; Reply in response to late filed amici opposition). Despite submitting a lengthy amici brief, Amici have merely restated the vast majority of the arguments raised by Plaintiffs, and have relied almost exclusively on the case law previously cited by Plaintiffs' counsel. Defendants believe that the amici brief is not timely, as it was filed thirteen (13) days after it was due, and after Defendants had filed their reply. (As extensively argued by Defendants in Defendants' Opposition to Amici's Motion for Leave to File an Amici Brief in Opposition to Defendants' Motion to Dismiss. [Dkt. No. 89]) Nor is it helpful, as it merely reiterates the same arguments previously raised by Plaintiffs in their opposition, and as such should be disregarded by the Court.

The only relevant additional authority cited by Amici is a new district court decision, *National Fair Housing Alliance v. Travelers Indemnity Company,* 2017 U.S. Dist. LEXIS 132899, which cites many of the same cases relied upon by Project Sentinel in its opposition, including the primary cases which have already been the focus of briefing in this matter (*Havens, Fair Housing of Marin, Smith/Pacific Properties*). That new decision brings no new law or argument into play, and amici have misstated a key passage in analyzing that decision in an effort to undermine this Court's prior decisions in this litigation, as well as other matters involving Project Sentinel.

## II. *NATIONAL FAIR HOUSING ALLIANCE v. TRAVELERS*

In *National Fair Housing Alliance ("NFHA") v. Travelers Indemnity Company*, the Court noted that Travelers raised several arguments when contesting NFHA's standing. 2017 U.S. Dist.

LEXIS 132899 (D.D.C. August 21, 2017) Travelers first argued that NFHA's expenditures were voluntary and self-inflicted, an argument which was rejected by the D.C. District Court. *Id*. at *15. Travelers next argued that NHFA had attempted to manufacture standing by diverting its resources "predicated on the conclusion that Travelers' conduct violated the fair housing laws." This argument was similarly rejected by the Court, which rightfully concluded that at the pleading stage, whether or not Travelers had actually violated the fair housing laws was irrelevant. *Id*. at *15-16. Neither of these arguments, which were rejected by the Washington D.C. District Court, has been raised by defendants in the present matter.

The one argument Travelers made, which defendants in the present matter have also raised, revolves around the position that the activities taken by the NHFA to counteract any allegedly discriminatory practices are "wholly consistent with the very type of education and outreach efforts that are part of NHFA's stated mission," and thus cannot suffice for injury in fact. *Id*. at *16. (For ease of reference, defendants will refer to this argument as the "Stated Mission" argument.)

With regard to this argument, the Travelers' court asserted that the Stated Mission argument was similar to an argument from another purportedly similar case that found the argument "borders both on the offensive and the absurd." *Id*. at *17. (Quoting *National Fair Housing Alliance, Inc. v. Prudential Ins. Co. of Am.*, 208 F. Supp 2d 46, 53-54 (D.D.C. 2002))

However, the argument raised in the Prudential case was **vastly different** than the Stated Mission argument raised by Travelers, and more importantly, by Defendants in the present matter. The comment by the Court in the Prudential matter actually reads as follows: "The Court need not address defendants' theory that plaintiffs cannot be injured by the need to counteract discrimination because they have recovered funds to fight other sources of discrimination, an argument that borders both on the offensive and absurd." *Id.* at 54. (For ease of reference, we will refer to this argument as the "Recovered Funds" argument.)

Travelers didn't make the Recovered Funds argument, and the Defendants in the present matter similarly make no such argument. The Travelers court provided no analysis of its comparison of the Stated Mission argument and the Recovered Funds arguments, and it issued a conclusory statement with no support, which amici now seek to impose on this case. It is entirely unclear why the

DEFENDANTS' REPLY TO NATIONAL FAIR HOUSING ALLIANCE'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Washington D.C. District Court chose to liken the Stated Purpose argument and the Recovered Funds argument, but it is clear that these disparate arguments are not similar, and should not be treated as such.

The Defendants in the present matter have not made the argument which the Washington D.C. District Court found so repugnant, and which the same District Court improperly relied upon in its Travelers decision. The conclusions reached by the Travelers decision as to the Stated Purpose argument are merely that: conclusions with no analysis. Accordingly, that Court's erroneous conclusion is not binding on this Court.

### III. AMICI'S OTHER ARGUMENTS ARE REPETITIVE OF PLAINTIFFS' ARGUMENTS

Amici argues that "under *Havens* and *Fair Housing of Marin*, standing is established by frustration of an organization's mission and the diversion of its scarce resources." (Amici brief; 6:2-4) Amici also asserts that "under *Pacific Properties*, an organization establishes standing at the motion to dismiss stage by pleading frustration of its mission and a diversion of its resources to combat the discrimination at issue." (Amici brief; 8:14-16)

These same arguments and cases were included within Plaintiffs' opposition, and addressed by Defendants' in the reply to that opposition. "To constitute an injury under this theory, a defendant's conduct must do more than offend the priorities and principles of the organization; it must result in an actual impediment to the organization's real-world efforts on behalf of such principles. See *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378-379 (1982)." (Defendants' Reply to Plaintiffs' Opposition; 2:15-18)

"Diversion of resources" damages are cognizable where an organization is forced to divert time and resource away from its regular – or "core" – programs in order to undertake the particular case. See *Fair Housing of Marin v. Combs*, 2000 WL 365029, at *3 (N.D. Cal. Mar. 29, 2000), aff'd, 285 F. 3d 899 (9th Cir. 2002)." (Defendants' Reply to Plaintiffs' Opposition; 7:1-5)

Amici next argues that "Project Sentinel pled facts establishing that it has organizational standing at the motion to dismiss stage. (Amici brief; 10:8-9)

/ / /

/ / /

This argument includes components of *Pacific Properties* and *Fair Housing of Marin*, and this argument was also addressed by Defendants' in its reply brief to Plaintiffs' opposition to the motion to dismiss.

Amici argues that "activities undertaken to counteract discrimination need not be outside the organizational mission to properly allege frustration of mission." (Amici brief; 12:3-4)

This argument was made by Plaintiffs' in their brief, which relied on the same cases cited throughout the Amici brief, including *Pacific Properties, Fair Housing of Marin,* and *Havens.* (Plaintiffs' brief; 11:1-13:22) The only new case referenced within Amici's argument is the Travelers matter, and as discussed above, Plaintiffs' reliance on that case appears misplaced based on the Travelers court improperly comparing a Stated Mission argument with a completely unrelated Recovered Funds argument.

Without rehashing all of the arguments raised within the reply to Plaintiffs' opposition, Defendants remind the Court that this district issued a ruling against Project Sentinel in a similar case, and that Court was quick to point out that standing is not something that should be manufactured. "Plaintiffs cannot manufacture standing by first claiming a general interest in lawful conduct and then alleging that the costs incurred in identifying and litigating instances of unlawful conduct constitutes injury in fact." *Project Sentinel v. Evergreen Ridge Apartments*, 40 F. Supp. 2d 1136, 1139 (N.D. Cal. 1999).

## IV. CONCLUSION

The Amici brief provides no new argument, and the one new case focused on therein is not applicable to the facts of this matter, as the argument rejected by the Court in that case is not the argument raised by Defendants in the present matter. Defendants have been prejudiced in having to respond to the extremely late amici brief, however even if the Court were to consider the arguments contained therein, they are the same as raised by Plaintiffs' in both their Opposition To The Motion To Dismiss The First Amended Complaint, and The Opposition To The Motion To Dismiss The Second Amended Complaint. For all of these reasons, and based on the substantive argument contained within Defendants' Reply to Plaintiffs' Opposition To The Motion To Dismiss The Second Amended Complaint, Defendants respectfully submit that the motion to dismiss should be granted.

| | |
|---|---|
| DATED: October 11, 2017 | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| | By:    */s/ James L. Shea* |
| | JAMES L. SHEA |
| | Attorneys for Defendants |
| | DAVID TSAI, UNDINE TSAI and SHANG SHEN |

